```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MICHAEL LOGAN,<br><br>          Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA;<br>THOMAS R. KANE, Acting<br>Director Bureau of Prisons;<br>and BUREAU OF PRISONS,<br><br>          Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 11-7235<br>         (JEI/JS)<br><br>**OPINION** |

**APPEARANCES:**

BERNARD EUGENE FULGHUM, JR.
136 West Route 38
Moorestown, New Jersey 08057
     Counsel for Plaintiff

PAUL J. FISHMAN, UNITED STATES ATTORNEY
By: Irene E. Dowdy, Assistant United States Attorney
401 Market Street, Fourth Floor
Camden, New Jersey 08101
     Counsel for Defendants

**IRENAS**, Senior District Judge:

     Plaintiff Michael Logan initiated this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, alleging that he was falsely imprisoned in the Special Handling Unit ("SHU") of the Fairton Correctional Institution ("Fairton"). Pending before the Court is a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) by Defendants United States of America ("United States"), the Bureau of Prisons ("BOP") and its acting director, Thomas R. Kane (collectively "Defendants").

                              1

I.

Plaintiff was sentenced to a 21-month term of imprisonment after he pled guilty to the unauthorized recording of motion pictures in a motion picture exhibition facility. (Compl. ¶ 5.) The BOP designated Plaintiff's place of confinement as Fairton and on January 6, 2009 his prison term commenced. (*Id.* ¶ 6.)

On April 7, 2009, Plaintiff was removed from the general population and placed in the SHU pending investigation of Plaintiff's suspected violation of BOP regulations regarding engagement in sexual acts with visitors. (*Id.* ¶ 8.) In a report dated April 22, 2009, the Unit Discipline Committee designated the charge against Plaintiff as "expunged" noting that "[a]lthough inmate admitted to the sanction, it was not witnessed by a staff member." (*Id.* ¶ 10; Defs' Moving Brief Ex. 3.)

The BOP Special Investigative Section ("SIS") at Fairton continued to investigate Plaintiff's contacts with camp visitors. SIS reviewed Plaintiff's telephone and email records and questioned Plaintiff and two other inmates. (Defs' Moving Brief Ex. 4.) On May 15, 2009, SIS completed a report concluding that Plaintiff had engaged in unauthorized sexual contact with a camp visitor. (*Id.* Ex. 4 at 12.) The report recommended that Plaintiff be considered for transfer to another federal facility that would be more conducive to his security needs. (*Id.*)

Following the filing of formal incident report and a hearing

conducted by a disciplinary officer on May 28, 2009, the incident report was expunged. (*Id.* Ex. 5.) However, because the SIS investigation indicated that an unauthorized sexual act occurred and that this behavior was serious, Plaintiff's visiting privileges remained suspended and transfer to a more secure facility was recommended. (*Id.*) On July 8, 2009, Plaintiff was transferred to a low security facility in North Carolina. (Compl. ¶ 22.)

Plaintiff filed a Complaint in this action on December 13, 2011. Defendants filed a Motion to Dismiss for lack of subject matter jurisdiction on June 4, 2012.

## II.

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a complaint for lack of subject matter jurisdiction. The federal government "as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *U.S. v. Testan*, 424 U.S. 392, 399 (1976)(internal quotations omitted); *see also White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010). Absent an express waiver of sovereign immunity, courts lack subject matter jurisdiction over claims against the federal government and its agencies. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Plaintiff bears the burden of showing an unequivocal

waiver of sovereign immunity as a basis for a court's jurisdiction over its claims against government defendants. *Global Fin. Corp. v. U.S.*, 67 Fed. Appx. 740, 742 (3d Cir. 2003).

In determining whether it has subject matter jurisdiction, the court may consider and weigh evidence outside the pleadings to resolve any factual issues bearing on jurisdiction. *See Gould Elecs., Inc. v. U.S.*, 220 F.3d 169, 178 (3d Cir. 2000). In determining such jurisdictional questions, no presumptive truthfulness attaches to a petitioner's allegations, and the existence of disputed facts will not preclude the Court from evaluating for itself the merits of the jurisdictional claim. *Mortensen v. First Fed. Sav. and Loan Assoc.*, 549 F.2d 884, 891 (3d Cir. 1997).

### III.

First, Defendants argue that Plaintiff's claim against the BOP and acting director Thomas Kane must be dismissed because the United States is the only proper party in an action pursuant to the FTCA. Because the United States is the only proper defendant in an action brought pursuant to the FTCA, *CNA v. U.S.*, 535 F.3d 132, 138 n.2 (3d Cir. 2008), and a federal agency may not be sued in its own name, *F.D.I.C. v. Meyer*, 510 U.S. 471, 476 (1994), the BOP and its acting director Thomas Kane are not proper parties to this action.

Next, Defendants argue that Plaintiff's false imprisonment

4

claim against the United States is not cognizable under 28 U.S.C. § 2680(h) and the Third Circuit's controlling decision in *Pooler v. United States*, 787 F.2d 868, 872 (3d Cir. 1986). This Court agrees.

28 U.S.C. § 2680(h) includes the so-called intentional torts exception to the FTCA. Section 2680(h) retains the immunity of the United States for a false imprisonment claim, except

> with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.

28 U.S.C. § 2680(h). In *Pooler*, the Third Circuit held that § 2680(h) waives the government's sovereign immunity only in those cases in which a law enforcement or investigative officer commits one of the enumerated intentional torts "while executing a search, seizing evidence, or making an arrest." 787 F.2d at 872.

Under *Pooler*, for Plaintiff's claim of false imprisonment to be actionable under the FTCA, the false imprisonment must have occurred during an arrest, search or seizure. This was plainly not the case. Plaintiff was incarcerated in Fairton, serving a 21-month sentence at the time that he claims he was falsely

imprisoned in the SHU, pending an investigation of his suspected violation of BOP regulations.  Plaintiff has no cognizable false imprisonment claim falling within the proviso of § 2680(h) because no officer of the United States is charged with committing an intentional tort in the course of a search, seizure or an arrest.[1]  The United States has not waived sovereign immunity for this claim, and the action must be dismissed for lack of subject matter jurisdiction.

**IV.**

For the reasons stated above, Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) will be granted in full.  An appropriate Order accompanies this Opinion.


Dated: July 20, 2012

                                            s/Joseph E. Irenas
                                       **JOSEPH E. IRENAS, S.U.S.D.J.**

---

[1] In his opposition brief, Plaintiff makes reference to claims for abuse of process and malicious prosecution.  (See Opp. Br. at 5.)  However, no such claims are asserted in the Complaint, and in any case, the above reasoning with respect to Plaintiff's false imprisonment claim would apply equally to any claims for abuse of process and malicious prosecution.  *See* 28 U.S.C. § 2680(h).